# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANT*
58 South Service Road, Suite 250
Melville, New York  11747
(631) 247-0404

       ATTORNEYS OF RECORD:
             MARC S. WENGER, ESQ.
             NOEL P. TRIPP, ESQ.
             SHAWN M. CLARK, ESQ.

------------------------------------------------------------------x

JOAN SILVERS, ELISA TAFF, AND NORMA ARCE,

             Plaintiff,

       -against-

ADVANCE PUBLICATIONS, INC.,

             Defendant.

------------------------------------------------------------------x

Case No.:  14-CV-07413

Kuntz, J
Mann, M.J.

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

      Defendant, sued herein as ADVANCE PUBLICATIONS, INC., by and through its undersigned counsel, hereby responds to the allegations in Plaintiffs' Complaint ("Complaint") as follows:

## AS TO "PRELIMINARY STATEMENT"

      1.     Defendant admits that Plaintiffs purport to proceed as set forth in paragraph 1 of Plaintiffs' Complaint, but deny any factual allegations contained therein, and deny that Plaintiffs are entitled to any relief whatsoever.

## AS TO "PARTIES"

2.       Defendant denies the factual allegations contained in paragraph 2 of Plaintiffs' Complaint, except lacks knowledge or information sufficient to form a belief as to Plaintiff's residence and avers that Plaintiff Silvers was employed by Advance Publications, Inc. between approximately November 1981 and October 2014.

3.       Defendant denies the factual allegations contained in paragraph 3 of Plaintiffs' Complaint, except lacks knowledge or information sufficient to form a belief as to Plaintiff's residence and avers that Plaintiff Arce was employed by Advance Publications, Inc. between approximately May 1984 and October 2014.

4.       Defendant denies the factual allegations contained in paragraph 4 of Plaintiffs' Complaint, except lacks knowledge or information sufficient to form a belief as to Plaintiff's residence and avers that Plaintiff Taff was employed by Advance Publications, Inc. between approximately June 1985 and June 2014.

5.       Paragraph 5 calls for a legal conclusion.  Defendant denies any factual allegations contained in paragraph 5 of Plaintiffs' Complaint, and avers that Defendant Advance Publications, Inc. is a New York corporation with an office located at 950 Fingerboard Road, Staten Island, New York 10305.

## AS TO "JURISDICTION AND VENUE"

6.       Paragraph 6 calls for a legal conclusion.   Nevertheless, Defendant admits that the Court has jurisdiction over Plaintiffs' federal claims, but denies that the Court can or should exercise supplemental jurisdiction over Plaintiffs' non-federal claims.

7.       Defendant admits the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8.      To the extent jurisdiction properly is exercised, Defendant admits that venue is proper in this District.

## AS TO "INTRODUCTION AND FACTUAL ALLEGATIONS"

9.      Defendant denies the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10.      Defendant denies the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11.      Defendant denies the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12.      Defendant denies the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13.      Defendant denies the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14.      Defendant denies the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15.      Defendant admits the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16.      Defendant denies the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17.      Defendant denies the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18.      Paragraph 18 calls for a legal conclusion.  To the extent paragraph 18 contains factual material requiring a response, Defendant denies the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19.     Paragraph 19 calls for a legal conclusion.  To the extent paragraph 19 contains factual material requiring a response, Defendant denies the allegations contained in paragraph 19 of Plaintiffs' Complaint.

A.     AS TO MS. SILVERS' FACTUAL ALLEGATIONS

20.     Defendant denies the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21.     Defendant denies the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22.     Defendant denies the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23.     Defendant denies the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24.     Defendant denies the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25.     Defendant denies the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26.     Defendant denies the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27.     Defendant denies the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29.     Paragraph 29 calls for a legal conclusion.  To the extent paragraph 29 contains factual material requiring a response, Defendant denies the allegations contained in paragraph 29 of Plaintiffs' Complaint.

B.     AS TO MS. ARCE'S FACTUAL ALLEGATIONS

30.     Defendant denies the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31.     Defendant denies the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32.     Defendant denies the allegations contained in paragraph 32 of Plaintiffs' Complaint.

33.     Paragraph 33 calls for a legal conclusion.  To the extent paragraph 33 contains factual material requiring a response, Defendant denies the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35.     Defendant denies the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.     Defendant denies the allegations contained in paragraph 36 of Plaintiffs' Complaint.

37.     Defendant denies the allegations contained in paragraph 37 of Plaintiffs' Complaint.

C.     AS TO MS. TAFF'S FACTUAL ALLEGATIONS

38.     Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.     Defendant denies the allegations contained in paragraph 39 of Plaintiffs' Complaint.

40.     Paragraph 40 calls for a legal conclusion.  To the extent paragraph 40 contains factual material requiring a response, Defendant denies the allegations contained in paragraph 40 of Plaintiffs' Complaint.

41.     Defendant denies the allegations contained in paragraph 41 of Plaintiffs' Complaint.

42.     Defendant denies the allegations contained in paragraph 42 of Plaintiffs' Complaint.

43.     Defendant denies the allegations contained in paragraph 43 of Plaintiffs' Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of Plaintiffs' Complaint.

45.     Defendant denies the allegations contained in paragraph 45 of Plaintiffs' Complaint.

**AS TO "COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938, AS AMENDED BY THE EQUAL PAY ACT OF 1963 ("EQUAL PAY ACT"), 29 U.S.C. § 201, *et seq.*"**

46.     Defendant repeats, reiterates and realleges each and every response contained in paragraphs 1 through 45 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

47.     Paragraph 47 calls for a legal conclusion.  To the extent paragraph 47 contains factual material requiring a response, Defendant denies the allegations contained in paragraph 47 of Plaintiffs' Complaint.

48.      Paragraph 48 calls for a legal conclusion.  To the extent paragraph 48 contains factual material requiring a response, Defendant denies the allegations contained in paragraph 48 of Plaintiffs' Complaint.

49.      Defendant denies the allegations contained in paragraph 49 of Plaintiffs' Complaint.

50.      Defendant denies the allegations contained in paragraph 50 of Plaintiffs' Complaint.

51.      Defendant denies the allegations contained in paragraph 51 of Plaintiffs' Complaint.

52.      Paragraph 52 calls for a legal conclusion.  To the extent paragraph 52 contains factual material requiring a response, Defendant denies the allegations contained in paragraph 52 of Plaintiffs' Complaint.

53.      Defendant denies the allegations contained in paragraph 53 of Plaintiffs' Complaint.

54.      Defendant denies the allegations contained in paragraph 54 of Plaintiffs' Complaint.

## AS TO "COUNT II – VIOLATION OF NEW YORK STATE'S HUMAN RIGHTS LAW AND NEW YORK CITY HUMAN RIGHTS LAW"

55.      Defendant repeats, reiterates and realleges each and every response contained in paragraphs 1 through 54 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

56.      Paragraph 56 calls for a legal conclusion.  To the extent paragraph 56 contains factual material requiring a response, Defendant denies the allegations contained in paragraph 56 of Plaintiffs' Complaint.

57.     Defendant denies the allegations contained in paragraph 57 of Plaintiffs' Complaint.

58.     Defendant denies the allegations contained in paragraph 58 of Plaintiffs' Complaint.

59.     Defendant denies the allegations contained in paragraph 59 of Plaintiffs' Complaint.

60.     Defendant denies the allegations contained in paragraph 60 of Plaintiffs' Complaint.

61.     Defendant denies the allegations contained in paragraph 61 of Plaintiffs' Complaint.

## AS TO "JURY TRIAL DEMAND"

62.     Defendant denies Plaintiffs are entitled to a trial by jury as to some or all issues.

## AS TO "PRAYER FOR RELIEF" CLAUSE

Defendant denies all statements and allegations, as well as any claim for relief, contained in the "WHEREFORE" clause, including sub-paragraphs A through D.

## ADDITIONAL AVERMENTS

Defendant denies all claims and allegations not unequivocally admitted herein.

\*       \*       \*

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendant, Defendant asserts the following defenses:

## FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statutes of limitations.

## SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by the equitable doctrines of laches, waiver, estoppel, release, or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiffs or any of them failed to satisfy all of the conditions precedent or other jurisdictional prerequisites to filing suit under the Equal Pay Act, the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq*. ("NYSHRL) or the New York City Human Rights Law, Administrative Code of the City of New York § 8-107, *et seq*. ("NYCHRL"), such claims are barred.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed, in whole or in part, to state a claim upon which relief may be granted.

## FIFTH AFFIRMATIVE DEFENSE

To the extent any of Plaintiffs' NYCHRL or NYSHRL claims concern events alleged to have occurred more than three years before the filing of this suit, such claims are time-barred.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' wage discrimination claims are not actionable because wage differences between them and similarly-situated male individuals were based on one or more factors other than sex.

## SEVENTH AFFIRMATIVE DEFENSE

The employment actions taken by Defendant with respect to Plaintiffs were based solely on legitimate, non-discriminatory factors other than gender.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant denies that gender or any impermissible factor played any role in any of Defendant's various promotion or compensation policies, procedures or practices, or in any other policy, procedure or practice that Plaintiffs are or may be challenging but, if it is shown that gender was a factor in any particular decision, that same decision would have been made without regard thereto.

## NINTH AFFIRMATIVE DEFENSE

Defendant's allegedly discriminatory employment policies, procedures or practices, including but not limited to those related to promotion or compensation, are job-related for the positions in question and consistent with business necessity.

## TENTH AFFIRMATIVE DEFENSE

Defendant's allegedly discriminatory employment policies, procedures or practices, including but not limited to those related to promotion or compensation, are lawful, under the provisions of the NYCHRL because they bear a significant relationship to a significant business objective of Defendant, and were otherwise justified by business necessity.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant's allegedly discriminatory employment policies, procedures or practices, including but not limited to those related to promotion or compensation, are lawful because Plaintiffs have not demonstrated the availability of a lawful and practicable alternative employment practice.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendant exercised reasonable care to prevent and correct promptly any allegedly discriminatory conduct, and one or more Plaintiffs unreasonably failed timely to take advantage of the preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

10

## THIRTEENTH AFFIRMATIVE DEFENSE

Liabilities and penalties against Defendant, if any, should be mitigated by virtue of the factors set forth in the New York City Administrative Code.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are barred because imposition of punitive damages under any of the claims would constitute a denial of due process under the United States Constitution and/or the Constitution of the State of New York.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent any Plaintiff has failed to comply with the duty to mitigate alleged losses, any claims for relief for lost earnings and/or benefits, must be set off or reduced by wages, compensation, pay and benefits, or other earnings or remunerations, profits, and benefits received or which would have been earned or received through good faith efforts to mitigate alleged damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek to recover for injuries, physical and/or emotional, allegedly incurred in the course of or arising out of employment with Defendant, such recovery is barred by the exclusivity of remedies under New York's workers' compensation law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent any Plaintiff engaged in misconduct prior to or during her employment which would have resulted in denial of employment or in the discharge of Plaintiff had said acts or omissions been known to Defendant, any relief awarded should be reduced, in whole or in part, due to Plaintiff having engaged in such misconduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent the Complaint sets forth a demand for equitable relief, Plaintiffs have waived their right to demand a jury trial.

11

## NINETEENTH AFFIRMATIVE DEFENSE

At all relevant times hereto, Defendant acted in good faith and did not violate any rights which may be secured to Plaintiffs under federal, state or local laws, rules, regulations or guidelines, and thus Plaintiffs' claims under the anti-discrimination laws are precluded, including specifically any claim for punitive damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Any allegedly harassing conduct complained about in the instant Complaint is neither severe nor pervasive.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims for unequal pay are barred to the extent that any disparity in pay resulted from the application of a bona fide seniority or merit system.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to a trial by jury as to their claims for liquidated damages under the Equal Pay Act.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Any allegedly harassing conduct complained about was not unwelcome or offensive.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any claim for punitive damages or attorneys' fees under the NYSHRL must be dismissed because the law does not provide such remedies.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Court should not exercise pendent or supplemental jurisdiction over Plaintiffs' non-federal claims and, consequently, should dismiss any non-federal claim for lack of subject matter jurisdiction.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Defendant has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. Defendant reserves the right to amend or seek to amend its answer and/or affirmative defenses.

**WHEREFORE**, Defendant requests that the Court:

a.     dismiss with prejudice Plaintiffs' Complaint;

b.     deny each and every demand, claim and prayer for relief contained in Plaintiffs' Complaint;

c.     award to Defendant reimbursement for its costs, including attorneys' fees; and,

d.     grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
     February 17, 2015

Respectfully submitted,

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANT*
58 South Service Road, Suite 250
Melville, New York  11747
(631) 247-0404

By:     _____
     MARC S. WENGER, ESQ.
     NOEL P. TRIPP, ESQ.
     SHAWN M. CLARK, ESQ.

13

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2015, the enclosed DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Eastern District's Local Rules, and the Eastern District's Rules on Electronic Service, upon the following parties and participants:

MELINDA COLON COX, ESQ.
PARKER IBRAHIM & BERG LLC
*ATTORNEYS FOR PLAINTIFFS*
270 Davidson Avenue
Somerset, New Jersey  08873

MARC S. WENGER, ESQ.

4811-9263-9265, v. 3

14